1   REY L. OCHOA, Bar No.: 103771
**LAW OFFICES OF REY L. OCHOA**
2   142 Main Street, #C
Seal Beach, CA  90704
3   Telephone:  (562) 596-8033
Facsimile:   (562) 594-6072
4   **reyochoa1909@yahoo.com**

5   Attorney for Plaintiffs
LARRY AND PAMELA OLSEN, guardian ad litem for minors
6   BRADEN LEE OLSEN and AUTUMN TAYLOR OLSEN

7

FILED

2008 NOV -3  AM 11: 25

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

8                   UNITED STATES DISTRICT COURT

9               SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  LARRY AND PAMELA OLSEN, guardian ad litem for minors 12  BRADEN LEE OLSEN and 13  AUTUMN TAYLOR OLSEN, | ) Case No. **08 CV 2035 JAH BLM** ) Dept. ) ) **COMPLAINT FOR DAMAGES** ) **FOR VIOLATION OF CIVIL** |
| 14              Plaintiffs, | ) **RIGHTS UNDER 42 U.S.C.** ) **SECTION 1983 AND** |
| 15  vs. | ) **SUPPLEMENTAL STATE LAW** ) **CLAIMS; WRONGFUL DEATH;** |
| 16  CALIFORNIA DEPARTMENT OF 17  CORRECTIONS AND REHABILITATION;  OFFICE OF THE 18  CORRECTIONAL SAFETY FUGITIVE APPREHENSION TEAM, PAROLE 19  DEPARTMENT, ORANGE COUNTY REGION; CITY OF COSTA 20  MESA; OFFICER WISENER; OFFICER FETTIS; AGENT KRAUS; 21  AGENT R. MOOREHEAD and AGENT 22  D. CHAVEZ, | ) **REQUEST FOR JURY TRIAL** ) ) ) ) ) ) ) ) ) ) ) |
| 23              Defendants. | ) ) |

24

25          Plaintiffs, Larry and Pamela Olsen, guardian ad litem for minors Braden Lee Olsen

26  and Autumn Taylor Olsen (hereinafter referred to as "Plaintiffs") allege as follows for

their claims for relief herein.

27  ///

28

1

## PARTIES

1.     Minors Braden Lee Olsen and Autumn Taylor Olsen are the surviving heirs at law of Esther Evans, deceased (hereinafter referred to as "Decedent"). Minors Braden Olsen and Autumn Taylor Olsen were the son and daughter, respectively, of Decedent and are entitled to bring this action pursuant to 28 U.S.C. 1983.

2.     Larry and Pamela Olsen are the duly appointed guardians of Plaintiff minors and have been appointed  guardian ad litem for the purposes of this action.

3.     Defendant California Department of Corrections and Rehabilitation is, and at all times herein mentioned was, a division of the State of California.

4.     Defendant Office of the Correctional Safety Fugitive Apprehension Team, Parol Department, Apprehension Team, is, and at all times herein mentioned was, a division of Defendant California Department of Corrections and Rehabilitation.

5.     Defendant City of Costa Mesa is, and at all times herein mentioned was, a municipal corporation operating under and by virtue of the laws of the State of California.

6.     Defendants Agents Kraus, R. Moorehead and D. Chavez are, and at all times herein mentioned were, parole agents employed by and under the supervision of Defendant California Department of Corrections and Rehabilitation.

7.     Defendants Officer Wisener and Officer Fettis are, and at all times herein mentioned, were police officers employed by and under the supervision of Defendant City of Costa Mesa.

8.     Each defendant named herein is sued as the agent and/or employee of each other defendant.

## JURISDICTION

9.     Jurisdiction of the subject matter of this action is established in this court pursuant to 28 U.S.C. Sections 1331 and 1343, and over supplemental claims for relief arising under state law pursuant to 28 U.S.C. Sections 1367(a).

///

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS, WRONGFUL DEATH

## VENUE

10.    Venue lies with this court pursuant to 28 U.S.C. Section 1391(b)(1) and (2).

## CLAIMS FOR RELIEF

11.    This is an action for deprivation of civil rights under color of state law brought pursuant to Title 42 United States Code Section 1983. By this action, Plaintiffs seek all relief to which they may be entitled, under both State and Federal laws including, but not limited to, compensatory damages, punitive damages, attorneys' fees and costs and prejudgment interest.

## STATEMENT OF FACTS

12.    Plaintiffs are informed and believe, and based thereon allege, that at all times relevant herein, Defendants and each of them

13.    On or about November 1, 2007, at approximately 9:30 p.m., Decedent was lawfully and properly at the premises located 217 Olive Avenue, City of Carlsbad, County of San Diego, State of California.

14.    On November 1, 2007, at about 9:30 p.m., Decedent was shot by Police Officers Fettis and Wisener and Parole Agent Krause, while under the supervision of Agents R. Moorehead and D. Chavez at the premises located at 217 Olive Avenue, City of Carlsbad, County of San Diego, State of California.

15.    By reason of being shot by Police Officers Fettis and Wisener and Parole Agents Krause, R. Moorehead and D. Chavez, Decedent was critically wounded and died.

16.    Police Officers Fettis and Wisener and Parole Agent Krause, while under the supervision of Agents R. Moorehead and D. Chavez shot Decedent in the head, as plaintiffs believe, from which wounds Decedent died at Scripps Memorial Hospital on November 3, 2007.

17.    Plaintiffs are informed and believe, and on the basis of such information and belief allege, that at the time that Police Officers Fettis and Wisener and Parole Agent Krause, while under the direction of Agents R. Moorehead and D. Chavez shot Decedent,

3

1  and they intended to shoot one or more third persons.

2      18.   The injuries sustained by Decedent that resulted in her death were caused

3  by reason of the carelessness and negligence of defendant, its agents, servants, and

4  employees, and in particular Officers Fettis and Wisener and Parole Agents Krause, R.

5  Moorehead and D. Chavez.

6  FIRST CAUSE OF ACTION

7  (42 U.S.C. SECTYION 1983; 42 U.S.C. SECTION 1985

8  AGAINST DEFENDANTS AND EACH OF THEM

9      18.   Plaintiffs refer to and incorporate by reference the allegations in Paragraph

10  1 through 18, inclusive, as if fully set forth herein.

11      20.   Defendants and each of them are alleged to have maintained a policy and

12  practice permitting the occurrence of the types of wrongs described herein, and based on

13  the principles set forth in the *Monell v. New York City Department of Social Services*,

14  (1987) 436 U.S. 648 and *Heller v. Bushey* (9th Cir. 1985) 759 F. 2d 1371, are liable for

15  all damages sustained by Decedent.

16      21.   Defendants City of Costa Mesa, and Office of the Correctional Safety

17  Fugitive Apprehension Team, Parole Department, Orange County Region have

18  maintained a policy, custom and practice of allowing its law enforcement officers to

19  utilize excessive force in apprehension of parolees and of improperly disciplining agents

20  and employees that utilize excessive force, of improperly investigating complaints of

21  excessive force by its agents or employees, and of improperly hiring, training and

22  supervising its law enforcement officers involved in apprehension  duties.

23      22.   The acts set forth herein constitute a policy, practice or custom of

24  encouraging, causing, tolerating, sanctioning and/or acquiescing in recklessness by

25  employees and agents of City of Costa Mesa, and Office of the Correctional Safety

26  Fugitive Apprehension Team, Parole Department, Orange County Region in violation

27  of the constitutional rights of Decedent.

28      23.   The wrongful acts alleged herein are also a result of a custom, practice or

4

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS, WRONGFUL DEATH

policy of inadequate training in a deliberate indifference to the rights of Decedent and other individuals on probation, and the injuries suffered by Decedent as alleged herein were caused by such inadequate training and lack of supervision.

24.    As a result of the wrongful acts of the Defendants, and each of them, Decedent died on November 3, 2007. Accordingly, Plaintiffs seek compensation from the Defendants, and each of them, for their damages and their attorneys' fees pursuant to 42 U.S.C. Section 1988.

SECOND CAUSE OF ACTION

VIOLATION OF FOURTH AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION (42 U.S.C. SECTION 1983, 1985, AND 1988) AGAINST DEFENDANTS AND EACH OF THEM

25.    Plaintiffs refer to incorporate by reference the allegations of Paragraphs 1 through 24, inclusive, as if fully set forth herein.

26.    This cause of action arises under Title 42 United States Code Section 1983, 1985 and 1988, wherein Plaintiffs seek to redress deprivation under color of state law of a right, privilege or immunities secured under the Fourth and/or Fourteenth Amendment.

27.    Plaintiffs are informed and believe, and thereby allege, that at all times mentioned herein, Defendants Officers Fettis and Wisener and Agents Kraus, R. Moorehead and D. Chavez, and each of them, were duly appointed, and acting in their official capacity and in the performance of their duties, in the City of Costa Mesa, County of Orange, State of California. and that at all times herein mentioned, were acting within the course and scope of such employment with Defendants City of Costa Mesa and Office of the Correctional Safety Fugitive Apprehension Team, Parole Department, Orange County Region, under the color of state law.

28.    Plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein, said Defendants, and each of them, deprived Decedent of her rights in violation of the Fourth and Fourteenth Amendments when Decedent was fired upon

5

1    and mortally wounded on November 1, 2007.

2       29.    The Defendant, and each of them, failed and refused to intervene or prevent

3    or try to prevent the wrongful conduct of the other defendants.

4       30.    As a proximate result of the aforementioned acts of Defendants, and each

5    of them, Decedent was killed, and by reason thereof, plaintiffs claim damages,

6    compensation and punitive damages from Defendants, and each of them, in a sum to be

7    determined by this court.

8       31.    The aforementioned acts and omissions of each Defendant were done by

9    each Defendant knowingly, intentionally and wilfully, maliciously, or which or with such

10   callous disregard with the purpose of inflicting injury upon Decedent in violating her

11   civil rights.

12      32.    By reason of the aforementioned acts and omissions of Defendants and each

13   of them, Plaintiffs have retained legal counsel to represent them, and did incur and will

14   continue to incur investigative costs, expenses, attorneys' fees and other legal costs.

15   Plaintiffs request payment by Defendants and each of them for compensation of fees and

16   costs pursuant to Title 42 U.S.C. Section 1988.

17                          THIRD CAUSE OF ACTION

18                    STATE CLAIM FOR WRONGFUL DEATH

19                        AGAINST ALL DEFENDANTS

20      33.    Plaintiffs refer to incorporate by reference the allegations of Paragraphs 1

21   through 32, inclusive, as if fully set forth herein.

22      34.    At all times herein mentioned, defendants California Department of

23   Corrections and Rehabilitation, City of Costa Mesa, Agents Kraus, Moorehead and

24   Chavez and Officers Wisener and Fettis were agents of each other defendant and acting

25   under color of law.

26      35.    On or about November 1, 2007, Decedent was lawfully sitting in a

27   Chevrolet Tahoe in the driveway of 217 Olive Avenue listening to the car radio and

28   preparing to go out to dinner when she was shot and killed by defendants, and each of

6

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS, WRONGFUL DEATH

1  them.

2  36.  At said time and place, the defendants, and each of them, negligently

3  surrounded Decedent's vehicle with three unmarked vehicles with their headlights turned

4  off. At least one defendant was dressed in shorts and Hawaiian shirt, others were in plain

5  clothes. Two or three defendants were in raid gear with flack vests, camouflage and .223

6  caliber assault weapons.   As a proximate result of the negligence of Defendants, and

7  each of them, Decedent died on November 3, 2007.

8  37.  Prior to the death of Decedent, Decedent was a faithful and loving mother

9  to Plaintiffs Braden Lee Olsen and Autumn Taylor Olsen, affording them love, affection

10  and companionship. As a proximate result of the conduct of Defendants, and each of

11  them, Plaintiffs have been deprived of the society, protection, services, support and

12  maintenance of their Decedent mother and have thereby sustained pecuniary loss in an

13  amount unknown at this time but which will be shown at time of trial.

14  38.  As a further proximate result of the negligence of Defendants, and each of

15  them, and of the death of Decedent, Plaintiffs have incurred funeral and burial expenses

16  in an amount unknown at this time but which will be shown at time of trial.

17  39.  Plaintiffs are also entitled to prejudgment interest pursuant to *California*

18  *Civil Code* section 3291 and according to law, the total amount to be ascertained at time

19  of trial.

20  WHEREFORE, PLAINTIFFS PRAY FOR JUDGMENT ON ALL CAUSES OF

21  ACTION AGAINST THE DEFENDANTS AS FOLLOWS:

22  1.  For general damages in an amount according to proof;

23  2.  For special damages, including funeral and burial expensesin a sum which

24  will be shown according to proof;

25  3.  For punitive damages in an amount appropriate to punish Defendants,

26  except Defendants California Department of Corrections and city of Costa Mesa, for

27  their wrongful conduct and as an example for others;

28  4.  For reasonable attorney's fees pursuant to Title 42 of the United States Code

7

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS, WRONGFUL DEATH

section 1988(b);

     5.     For costs of suit herein incurred;

     6.     For interest allowed by law; and

     7.     For such other and further relief as the Court deems proper.

DATED: _11 / 3_____, 2008

                                REY L. OCHOA
                                ATTORNEY FOR PLAINTIFFS

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS, WRONGFUL DEATH

1

**DEMAND FOR JURY TRIAL**

2      Plaintiffs hereby demand a trial by jury.

3

4   DATED: __11__/__3__, 2008

5                                        REY L. OCHOA
                                         ATTORNEY FOR PLAINTIFFS

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS, WRONGFUL DEATH

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

LARRY AND PAMELA OLSEN, guardian ad litem for minors BRADEN LEE OLSEN and AUTUMN TAYLOR OLSEN

**DEFENDANTS**

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; OFFICE OF THE CORRECTIONAL, et al

2008 NOV -3 AM 11: 24
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**(b)** County of Residence of First Listed Plaintiff   ORANGE
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   ORANGE
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

LAW OFFICES OF REY L. OCHOA, 142 Main Street, #C
Seal Beach, CA  90704 Telephone:  (562) 596-8033

Attorneys (If Known)

UNKNOWN

'08 CV 2035 JAH BLM

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

### CONTRACT

- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY

- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS

- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☒ 440 Other Civil Rights

### PRISONER PETITIONS

- ☐ 510 Motions to Vacate Sentence
  **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

### FORFEITURE/PENALTY

- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR

- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### IMMIGRATION

- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

### BANKRUPTCY

- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS

- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY

- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS

- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES

- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN    (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. SECTION 1983 AND SUPPLEMENTAL STATE LAW CLAIMS; WRONGFUL DEATH

Brief description of cause:
MOTHER OF 2 MINORS WAS WRONGFULLY SHOT AND KILLED BY LAW ENFORCEMENT

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE                                    DOCKET NUMBER

DATE
10/12/2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 156669   AMOUNT $350  tot 11/3/08 BH   APPLYING IFP           JUDGE           MAG. JUDGE

# UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 156669    — BH

November 03, 2008
11:24:03

## Civ Fil Non-Pris

USAO #.: 08CV2035 CIVIL FILING
Judge..: JOHN A HOUSTON
Amount.:                    $350.00 CK
Check#.: BC#699

Total–> $350.00

FROM: OLSEN V. CA DEPT. OF CORRECTIO
CIVIL FILING